UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEPEHR MICHAEL NASSERI,

    Plaintiff,

v.                                Case No. 8:22-cv-01543-TPB-MRM

ANDREW WILSON,

    Defendant.
_____/

## ORDER GRANTING "DEFENDANT ANDREW WILSON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT"

This matter is before the Court on "Defendant Andrew Wilson's Motion to Dismiss Plaintiff's Complaint," filed on October 21, 2022. (Doc. 12). Plaintiff filed a response on November 8, 2022. (Doc. 18). Having reviewed the motion, response, court file, and record, the Court finds as follows:

### Background[1]

On December 31, 2019, following the dissolution of their relationship, Plaintiff Sepehr Michael Nasseri and Defendant Andrew Wilson entered into a binding "settlement and release agreement." In Article 4 of the agreement, the parties agreed that Defendant would relinquish all rights to certain airline tickets

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motions to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

that Plaintiff had purchased with American Airlines AAdvantage points, and that these tickets were the sole property of Plaintiff. Plaintiff alleges that Defendant intentionally breached the contract by contesting Plaintiff's right to the tickets and thereby barring his access to the AAdvantage points. As a result, Plaintiff had to purchase additional plane tickets with cash.

Plaintiff filed this suit seeking damages for breach of contract. He seeks to recover the value of the AAdvantage points, which Plaintiff alleges were worth $27,843, along with the $5,600 cost of the plane tickets Plaintiff purchased. Plaintiff also seeks "treble damages" in the amount of $83,528, along with unspecified amounts for punitive damages, attorney's fees, and costs. Defendant moves to dismiss the complaint for lack of subject matter jurisdiction, asserting that the amount in controversy does not meet the $75,000 threshold required for diversity jurisdiction. Defendant also moves to dismiss the complaint for failure to state a claim.

## Analysis

Diversity jurisdiction exists where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). The party invoking the jurisdiction of the federal courts must establish by a preponderance of the evidence that diversity jurisdiction exists. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). The court must dismiss a case under § 1332 when "the pleadings make it clear to a legal certainty that the claim is really for less than the jurisdictional amount . . . ."

*Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). "While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1272 (11th Cir. 2000) (quoting *Diefenthal v. Civil Aeronautics Bd.*, 681 F.2d 1039, 1052 (5th Cir. 1982)).

Here, Plaintiff seeks $116,971, but the complaint alleges only $33,443 in compensatory damages, consisting of $27,843 for the AAdvantage points and $5,600 for the plane tickets Plaintiff purchased. The remainder of the $116,971 alleged as the amount in controversy consists of "treble damages" of $83,528. The only claim asserted, however, is for breach of contract, and treble damages are not available for a breach of contract claim.

The complaint also seeks punitive damages, but a plaintiff may not recover punitive damages for a breach of contract absent an accompanying independent tort, even if the defendant's breach is willful or malicious. *E.g.*, *Lewis v. Guthartz*, 428 So. 2d 222, 223 (Fla. 1982). In addition, although Plaintiff seeks an unspecified amount in attorney's fees and costs, a *pro se* litigant who is not a lawyer may not recover attorney's fees, and costs are excluded from the amount in controversy. *See e.g., Lanier v. Hartford Life & Accident Ins. Co.*, No. 6:15-cv-6-Orl-37KRS, 2018 WL 12819622, at *1 (M.D. Fla. April 17, 2015); 28 U.S.C. § 1332(a).

The federal courts have limited and very defined jurisdiction. They do not have the authority to hear all types of cases that parties might choose to bring before them. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (explaining that federal courts possess limited jurisdiction, as authorized by Constitution and statute, and it is therefore to be "presumed that a cause lies outside this limited jurisdiction"). It is obvious from the pleadings in this case to a legal certainty that Plaintiff's claim is for less than the jurisdictional amount required for it to be heard in federal court. Accordingly, the case must be dismissed to allow Plaintiff to pursue his claim in state court where he should have filed it in the first instance.[2]

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) "Defendant Andrew Wilson's Motion to Dismiss Plaintiff's Complaint" (Doc. 12) is **GRANTED** to the extent that the Court finds it lacks subject matter jurisdiction over this action.

2) Plaintiff's amended complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to any right he may have to pursue this claim in an appropriate forum (state court) at an appropriate time.

3) The Clerk is directed to terminate any pending motions and deadlines

---

[2] Because the Court is dismissing for lack of jurisdiction, it does not address Defendant's other arguments for dismissal. If this case is re-filed in a state court those arguments can be addressed there.

and thereafter **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of December, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**